USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/10/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
RANDALL WILTZ,

                           Plaintiff,

            -v-                                        1:19-cv-03406-GHW

NEW YORK UNIVERSITY; FRANKLIN
DIAZ; ERIN LYNCH; COLLINS BUILDING      MEMORANDUM OPINION AND
SERVICES, LLC; ANGEL PERLAZA;                          ORDER
CUSHMAN & WAKEFIELD, INC.;
MICHAEL BRODERICK,

                           Defendants.
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

       On February 24, 2016, New York University ("NYU") initiated an eviction proceeding in New York City Civil Court's Housing Part ("Housing Court") to remove *pro se* plaintiff Randall Wiltz from the rent-stabilized apartment (the "Washington Square Village Apartment") that he had allegedly shared with the now-deceased Martha Dewell. This sparked a rash of litigation that ultimately culminated in this proceeding. On December 23, 2019, Magistrate Judge Stewart D. Aaron issued a Report and Recommendation recommending that Defendants' motions to dismiss the complaint be granted, as well as recommending that the motion by Defendants NYU, Franklin Diaz, Erin Lynch, Collins Building Services, Inc., and Angel Perlaza for an injunction precluding Plaintiff from filing further litigation in federal court without prior approval of the Court be granted in part. For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety.

### I.     RELEVANT BACKGROUND

       For a more detailed recitation of Plaintiff's claims, the Court refers the reader to Magistrate Judge Aaron's Report and Recommendation, which thoroughly and accurately summarizes the knotty web of procedural history presented in this litigation. Briefly: This case arises out of NYU's

decision to evict Wiltz from an NYU-owned rent-stabilized apartment, when the tenant of record, Ms. Dewell, died. *See* Compl., Dkt. N. 2, ¶¶ 26, 41. Plaintiff then sued, claiming that the Defendants had violated, among other things, the Civil Rights Act, the Fair Housing Act, the Americans with Disabilities Act ("ADA"), and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). *See Wiltz v. New York University, et al*, No. 1:18-cv-0123-GHW (S.D.N.Y. filed Jan. 8, 2018) ("*Wiltz I*"). Defendants moved to dismiss, and Plaintiff amended his complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) on May 7, 2018. *Wiltz I*, Dkt. No. 80. Shortly thereafter, Wiltz initiated an action in state court, filing a complaint virtually identical to his amended complaint in *Wiltz I*, which Defendants promptly removed to federal court. *See Wiltz I*, Dkt. No. 112; *Wiltz v. New Your University, et al.*, No. 1:18-cv-11168-GHW (S.D.N.Y. filed Nov. 30, 2018) ("*Wiltz II*"). Defendants again moved to dismiss, and the Court ultimately granted Defendants' motions. *See Wiltz I,* Dkt. No. 149.

On March 15, 2019, Wiltz voluntarily dismissed this first action under Rule 41(a)(1)(A)(i), claiming that his medical and housing problems prevented him from fully engaging in litigation. *Wiltz I*, Dkt. No. 162; *Wiltz II*, Dkt. No. 37. Before endorsing the dismissal, the Court conferred with the parties to clarify Plaintiff's position, and noted on the record that Defendants reserved their rights under Rule 41(d), which ensures that: "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." *See* Status Conference Tr., *Wiltz I*, Dkt. No. 164, 3:25-4:20.

Wiltz initiated this action on April 16, 2019, again claiming that Defendants had violated numerous federal statutes in evicting him, including 42 U.S.C. § 1983; the Fair Housing Act; the ADA; the Rehabilitation Act; and RICO. Compl., Dkt. No. 2, ¶¶ 82-174. Defendants moved to dismiss on May 14, 2019. Dkt. Nos. 18-27. The Court referred these motions to Magistrate Judge

Aaron. Dkt. No. 14.

Judge Aaron issued his Report and Recommendation on December 23, 2019, recommending that Defendants' motions to dismiss the complaint be granted, as well as recommending that the motion by Defendants NYU, Franklin Diaz, Erin Lynch, Collins Building Services, Inc., and Angel Perlaza for an injunction precluding Plaintiff from filing further litigation without prior approval of the Court be granted in part. Report and Recommendation ("R&R"), Dkt. No. 65. Plaintiff timely objected on January 13, 2020. Dkt. No. 68.

## II. LEGAL STANDARD

When a party timely objects to a magistrate's report and recommendation, a district court reviews, *de novo*, "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.,* No. 07 Civ. 6865 (LTS)(GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov.3, 2008); *see also Ortiz v. Barkley,* 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation and internal quotation marks omitted). "Objections of this sort are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a meaningless dress rehearsal. The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the Magistrate Judge." *Vega v. Artuz,* No. 97 Civ. 3775 (LTS)(JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (citations and internal quotation marks omitted). Finally, "it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Sci. Components*

3

*Corp. v. Sirenza Microdevices, Inc.*, No. 03 Civ. 1851 (NGG)(RML), 2006 WL 2524187, at *2 (E.D.N.Y. Aug. 30, 2006).

Although the objections of *pro se* parties are "generally accorded leniency and should be construed to raise the strongest arguments that they suggest," *Howell v. Port Chester Police Station*, No. 09 Civ. 1651 (CS)(LMS), 2010 WL 930981, at *1 (S.D.N.Y. Mar.15, 2010) (citations and internal quotation marks omitted), those of a practicing lawyer representing himself "ordinarily receive[] no such solicitude at all," *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) (collecting cases). Thus, the solicitude owed to Wiltz—a lawyer who received an LL.M. from NYU School of Law but claims that he has never worked in a law firm, practiced in federal court, or represented a client in a courtroom, *see* Compl. ¶ 11—falls somewhere between those two extremes.

### III. ANALYSIS

Most of Plaintiff's initial objections repackage the same arguments he has unsuccessfully presented to both the magistrate judge and numerous state courts and agencies over the last two years. Such objections warrant only clear error review. *See Vega*, 2002 WL 31174466, at *1. Plaintiff submitted many more objections only in his reply—which was received after the February 4, 2020 deadline.[1] *See* Dkt. Nos. 69, 75. Again, even when a *pro se* litigant's pleadings are granted special solicitude, that "pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006). This is all the more true when the pro se plaintiff is a lawyer. Still, the Court has reviewed the Report and Recommendation *de novo*, and found it thorough, well-reasoned, and correct. Magistrate Judge Aaron employed the proper legal standards, accurately recited the facts, and then reasonably applied the law to the facts.

---

[1] Because Wiltz is proceeding *pro se*, the Court has reviewed these new objections, but notes that it does not believe Wiltz warrants the same special solicitude granted to unsophisticated non-lawyers, and is cognizant of the Second Circuit's clear guidance that "[a]rguments may not be made for the first time in a reply brief." *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993).

4

Plaintiff's objections are meritless. In one, Plaintiff asserts that the Report incorrectly ignored the "sufficient facts" that bring "NYU's role" as a public entity "into question." Objections, Dkt. No. 68, at 5-7. But, as the Report and Recommendation correctly concluded, even assuming that NYU had an agreement with New York City to "judge the rights of rent stabilized tenants," Objections at 5-6, any contract between NYU and the City still would not turn NYU into a public entity as a matter of law. *See* R&R at 15-16 (citing cases). And Judge Aaron's Report and Recommendation did not "fail[] to consider" that the Washington Square Village Apartment "is an official dormitory facility," Reply, Dkt. No. 75, at 4—it instead accurately noted that residential facilities or apartment buildings are not public accommodations under the ADA, *R&R* at 16 (citing cases).

In another objection, Plaintiff challenges Defendants' removal of his August 2018 state court action to federal court. But Plaintiff voluntarily discontinued that action in March 2019—a month before filing the instant action in this court, alleging federal question jurisdiction. *See Wiltz I*, Dkt. No. 162; *Wiltz II*, Dkt. No. 37. And even if Defendants' removal of the August 2018 state court action had any bearing on this case, this court will not entertain arguments Plaintiff failed to raise before the magistrate judge. *See Sci. Components Corp*, 2006 WL 2524187, at *2; *see also Abu-Nassar v. Elders Futures, Inc*., No. 88 Civ. 7906 (PKL), 1994 WL 445638, at *4 n.2 (S.D.N.Y. Aug. 17, 1994) (refusing to entertain new arguments not raised before Magistrate Judge—to do otherwise "would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments").

Plaintiff also challenges the degree of solicitude that Judge Aaron afforded his pleadings and asserts that "[n]ot all that facts were considered in the Plaintiff's favor." Objections at 4. But the solicitude afforded to *pro se* plaintiffs, and the mandate that courts reads their pleadings liberally, interpreting them to raise the strongest arguments that they suggest, *see Corcoran v. New York Power Auth.*, 202 F.3d 530, 536 (2d Cir. 1999), "is not without limits, and all normal rules of pleading are

5

not absolutely suspended," *Gil v. Vogilano*, 131 F. Supp. 2d 486, 491 (S.D.N.Y. 2001) (quotation omitted). Thus, under Federal Rule of Civil Procedure 12(b)(1), if "jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings." *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) (quotation omitted). And when deciding a motion to dismiss under Rule 12(b)(6), "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Finally, Plaintiff objected to the magistrate's application of the five-factor test laid out in *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) to determine whether or not a district judge should restrict a litigant's future access to the courts. *See* Objections at 19; Reply at 18-20. Wiltz claims that Judge Aaron failed to 1) determine whether the application of the five factors warrants imposing an injunction, 2) identify which of his suits were duplicative, or 3) provide him with a hearing. Objections at 19.

In *Safir*, the Second Circuit articulated five factors to be considered in determining whether to restrict a litigant's future access to court: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Safir*, 792 F.2d at 24.

The answer in this case, as Magistrate Judge Aaron correctly identified, is yes. As the Report and Recommendation details, Wiltz has peppered New York agencies, state courts, and the federal

6

judiciary with countless, meritless claims stemming from his original eviction proceedings in Housing Court in 2016. *See* R&R at 3-9. These include, among others, *Wiltz I*, *Wiltz II*, and the instant action, *Wiltz III*. And like the litigant in *Safir*, "he has repeatedly asserted the same claims in slightly altered guise" and all of his claims "have been resoundingly rejected by the courts." *Safir*, 792 F.2d at 24. And though Wiltz is not represented by counsel, he is not an unsophisticated litigant—the story of this litigation has its roots in Wiltz's move to Washington Square Park to complete an LL.M. at NYU School of Law.

The fourth and fifth *Safir* factors also weigh in favor of imposing an injunction. Without question, Wiltz's litigiousness has required the defendants to incur needless expenses and unnecessarily burdened the Court and its personnel: Wiltz's submissions are dense and lengthy, requiring significant investment of time both from the Court and those who "have had to defend themselves against [the plaintiff's] virtually unending onslaught of litigation." *In re Cunningham*, No. 17-CV-7809 (CM), 2018 WL 10038795, at *10 (S.D.N.Y. Mar. 22, 2018). Further, it is unlikely that any other sanctions would stop Plaintiff from continuing to file frivolous complaints, given his history of litigation involving the Washington Square Village Apartment.

The Court notes that Defendants could have invoked their right under Federal Rule of Civil Procedure 41(d), demanding that Wiltz pay Defendants' costs and fees associated with the prior action before proceeding in *Wiltz III*. Fed. R. Civ. P. 41(d); *see also BH Seven, LLC v. Ambit Energy, L.P.*, No. 11-CV-2483 (ARR)(RER), 2012 WL 4445825, at *2 (E.D.N.Y. Sept. 25, 2012). This would have amounted to an even more severe sanction—effectively barring Wiltz, who is proceeding *in forma pauperis*, *see* Dkt. Nos. 1, 3, from the adjudication of the merits of his complaint. Only after rejecting the substance underlying his third entrée into federal court will the Court finally bar its doors.

Finally, though Wiltz asserts that he was denied a hearing in connection with Defendant's application for an injunction, he was alerted to the possibility that the Court may impose an

7

injunction when Defendants moved for one on July 22, 2019. Dkt. No. 47. Indeed, Plaintiff substantively responded to that motion. *See* Dkt. No. 58. "Accordingly, the Court finds that Plaintiff had notice that the Court might impose a filing injunction and had ample opportunity to respond to Defendants' request." *Azkour v. Maucort*, No. 11-CV-5780 (RJS), 2018 WL 1441366, at *1 (S.D.N.Y. Mar. 21, 2018) (citing *Robert v. Dep't of Justice*, 439 F. App'x 32, 35 (2d Cir. 2011)).

In sum, Judge Aaron correctly applied the *Safir* factors, and did not err in enjoining Plaintiff from filing any lawsuits in federal court arising out of or related to the Washington Square Village Apartment and/or the state court and administrative proceedings commenced by Plaintiff, without prior Court approval. Plaintiff's objections to the Report and Recommendation are meritless.

## IV. CONCLUSION

For these reasons, the Court accepts and adopts the thorough and well-reasoned Report and Recommendation in its entirety.

Before Wiltz files any other action in federal court arising out of or related to the Washington Square Village Apartment and/or the state court and administrative proceedings commenced by Plaintiff, he must first request permission from the Clerk of Court. Any such request should 1) include a copy of his proposed complaint and any supporting documents; 2) bear the caption "Request for Permission to File under Filing Injunction"; 3) be addressed to the Clerk of Court; and 4) be submitted to the Pro Se Intake Unit of the Southern District of New York. Any violation of this sanction could expose Wiltz to other sanctions, including monetary penalties. *See Cunningham*, 2018 WL 10038795, at *11.

The Clerk of Court is directed to mail Plaintiff a copy of this order by first class and certified mail. The Court requests that counsel for Defendants provide Plaintiff with copies of unpublished cases cited in this decision pursuant to Local Rule 7.2 of the United States District Courts for the Southern and Eastern Districts of New York.

The Clerk of Court is further directed to terminate the motions pending at Dkt. Nos. 18, 20,

8

25, 47, and 53, to enter judgment for Defendants, and to close this case.

SO ORDERED.

Dated: February 10, 2020  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge